10626

JEFFRIES *ET AL.* v. HAMBRIGHT *ET AL.*

(107 S. E. 514)

HIGHWAYS—COUNTY HIGHWAY COMMISSION LIMITED TO TERM OF FOUR
YEARS.—Act Feb. 26, 1917 (30 St. at Large, p. 266), creating
Cherokee county highway commission, did not, in view of Act March
11, and Act Feb. 26, 1920 (31 St. at Large, pp. 1421, 1448), limit
existence thereof to four years, notwithstanding section 1, providing
that the commission shall serve for a term of four years; such section
merely indicating the term of the first incumbents of the commission.

Before SEASE, J., Cherokee,————1921. Affirmed.

Action by J. Eb Jeffries et al. against J. B. Hambright
et al., as the Cherokee County Highway Commission to
enjoin the issuance of bonds. From order refusing injunction the plaintiffs appeal.

Following is the judgment of Judge Sease, referred to
in the opinion:

This is an action brought by the above named plaintiffs
against the Cherokee County Highway Commission, seeking to enjoin them from selling or issuing $80,000 of
Cherokee County Bonds authorized by the Legislature in
1920, and from doing and performing any other acts under
their claim as being the duly constituted Cherokee County
Highway Commission.

The defendants duly filed their answer, in which they
claimed that they are the duly qualified members of the
Cherokee County Highway Commission, and now authorized by law to perform the acts set forth in the complaint.
The defendants in their answer set forth the grounds upon
which they base their claim. The complaint and answer
make the single issue as to whether or not the defendants
do now constitute the Cherokee County Highway Commission and are legally qualified to perform the said duties.

The plaintiffs claim that the authority to issue the bonds
has failed because the Cherokee County Highway Commission, by which body Act No. 742, approved March,

1920 (31 St. at Large, p. 1421), authorized $100,000 bonds to be issued, is no longer existent. The said commission was created by Act No. 140, approved February 26, 1917. There is no definite statement in the Act that the commission shall be permanent, and there is a statement in Section 1 that the commission shall serve for a term of four years. The claim of plaintiffs is based solely upon the said statement.

Said Act No. 140 imposed upon the commission certain duties with respect to the construction and maintenance of roads. From time to time thereafter additional duties were imposed upon the commission by Acts of the General Assembly. By the initial Act, which provided for an annual maintenance tax, the amount of such tax was to be determined by the commission. By subsequent Acts the custody of the proceeds of the annual maintenance tax to be in the hands of the commission. As late as March 4, 1921, subsequent to the expiration of four years from the date of approval of the original Act, the General Assembly passed Act No, ——, providing for the annual tax levy of Cherokee County, including a levy for the maintenance of roads, and this Act imposed upon said commission the custody of the proceeds of that maintenance tax. In view of the above, it is plain that, not only by the original Act, but by Acts subsequently passed, it was the intention of the Legislature to create and continue a body whose life would continue until the work imposed upon it had been completed, unless it should be sooner dissolved. Also Act No. 759, approved Feb. 26, 1920, (31 St. at Large, p. 1448), imposed upon the commission a duty in respect to the completion of certain roads which it is unreasonable to suppose the General Assembly believed could be carried out within the four year term.

Since the only claim of plaintiffs is based upon the statement of Section 1 of Act 140 of 1917, that the commission shall serve a term of four years, and since that expression

is most readily explainable as an indication of the term of office of the first incumbents of the commission, it will be so interpreted.

It is therefore, ordered, adjudged and decreed that the injunction herein prayed for be refused, that the complaint be dismissed, and that the defendants be declared legal members of the Cherokee County Highway Commission, duly constituting such and authorized under the law to perform the duties set forth in the complaint.

*Messrs. Butler & Hall,.* for appellants, cite: *Creation of Highway Commission*: 30 Stats. 266. *Bonds authorized*: 31 Stats., 1421. *Term of Highway Commission limited, and had expired*: A. & E. Enc. Law (2nd Ed.) 404; 23 L. Ed. (U. S.) 991.

*Messrs. Dobson & Vassey,* for respondents, cite: *Title of act may be referred to as showing intent of Legislature*: 36 Cyc. 1133. *Expression in act that "The Commission shall serve for a term of four years," was. evidently meant to refer to the term of the "Commissioners:"* 103 S. C., 10, 14; 114 S. C., 419, 429; 92 S. C., 400. *Commissioners held over until successors were appointed*: 29 Cyc., 1395-1401; 22 R. C. L., 555; 50 L. R. A. (N. S.) 365; Const. 1895, Art. 17, Sec. 6, Par. 11. *Construction of Statute*: 36 Cyc., 1130-36. *Laws providing for public works should be liberally construed to the end that the work as planned go forward*: 36 Cyc., 1149-1173; 25 R. C. L., 967. *Act should be construed as to its intent, and to best accomplish its true object and purpose*: 25 R. C. L., 256 (Note 10) 968. ·

June 2, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Sease, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.